```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


KYRON GORHAM,                      )
                                   )
        Petitioner,                )
                                   )
v.                                 )    CIVIL ACTION
                                   )    NO. 16-cv-10822-DPW
OSVALDO VIDAL,                     )
                                   )
        Respondent.                )
```

MEMORANDUM AND ORDER
December 21, 2017

Petitioner Kyron Gorham, after being convicted of first degree murder, unsuccessfully pursued post-conviction relief in Massachusetts state courts. He then filed this petition for a federal writ of habeas corpus under 28 U.S.C. § 2254. His custodian, Respondent Osvaldo Vidal, has moved for judgment on the pleadings. For the reasons set forth below, I will grant Respondent's motion and dismiss the petition.

## I. BACKGROUND

On habeas review, a federal court presumes state court findings of fact are correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Rashad* v. *Walsh*, 300 F.3d 27, 35 (1st Cir. 2002) (explaining that deference is accorded to findings of both state trial and state appellate courts). Notwithstanding some conclusory rhetorical flourishes to the contrary in his motion to amend his petition,

Petitioner does not in substance challenge the state courts' adjudication on that basis. The brief account that follows is drawn from the Supreme Judicial Court's summary of the facts. *See generally Commonwealth* v. *Gorham*, 32 N.E.3d 1267, 1268-69 (Mass. 2015).

## A. *Facts*

Petitioner was one of approximately a dozen guests at a party hosted by Kayla Aguiar at her home in Fall River, Massachusetts. Those at the party were drinking alcohol; it is unclear whether there was also drug use. The evidence presented at trial did not show that Petitioner was intoxicated. After Petitioner temporarily left the party to buy more alcohol for the event, two young women began arguing and eventually engaged in a fight regarding a man named Shakeem Davis, who was not present. The fight was eventually broken up, and one of the women, Kayla Joseph, called Davis for a ride to leave the party. Davis met Joseph at the party and drove with her to an apartment on Amity Street.

Petitioner returned to the party and was disappointed to find that the dispute had spoiled the mood. He called Davis and another argument ensued. Upset and offended after his conversation with Davis, Petitioner drove to a friend's apartment to pick up a rifle and continued to the Amity Street apartment. He arrived at the apartment with a friend, and the

2

argument with Davis continued briefly in person.  He then pointed his rifle at Davis, who was seated on a couch, and fired six shots.  Davis died as a result of multiple gunshot wounds.  Petitioner fled, hiding the weapon in bushes nearby the apartment.

Petitioner was arrested approximately one month after the shooting in Syracuse, New York, at which time he gave a video-recorded statement to the police that was shown to the jury.  He admitted to shooting Davis, although he claimed he went to the apartment intending only to scare the victim.  Petitioner explained that when he pointed the gun at Davis, Davis grabbed the barrel and initiated a struggle that led to the accidental firing of the weapon.

## B.   *Procedural History*

Petitioner was charged with first degree murder.  The primary defense asserted was that the killing was not premeditated because the gun fired accidentally while Petitioner and Davis fought for control of the weapon.  At the charge conference, Petitioner requested an instruction regarding voluntary intoxication, which the court denied.  The court also denied Petitioner's requests for instructions of self-defense, voluntary manslaughter, and involuntary manslaughter.  Petitioner was found guilty of first degree murder by the jury and sentenced to life without the possibility of parole.

With the assistance of new counsel, Petitioner filed a notice of appeal from the conviction, a motion for a new trial and a motion for funds to hire a new investigator. *Gorham*, 32 N.E.3d at 1268. The grounds offered for a new trial were newly discovered evidence and ineffective assistance of counsel. *Id.* at 1269. The new evidence was in the form of an affidavit by a partygoer, who stated that Petitioner was severely intoxicated on the night of the shooting. Petitioner argued that trial counsel's failure to locate this witness constituted ineffective assistance. Petitioner also submitted an affidavit from trial counsel, who stated that he did not believe the investigator he hired had spoken to this partygoer before trial, although he had directed the original investigator "to look into" possible evidence of Petitioner's intoxication. *Id.* The trial court denied the motions.

Petitioner then moved for reconsideration of the denial of his motions for a new trial and for funds, offering several more affidavits in support. *Id.* at 1271. Of note here, a private investigator retained by Petitioner's new counsel stated that he had located two other witnesses who had attended the party but had not been interviewed by trial counsel or an investigator before trial. The court denied reconsideration, and Petitioner's appeal was consolidated with the direct appeal of his murder conviction in the Supreme Judicial Court.

The Supreme Judicial Court affirmed Petitioner's conviction and the denial of his post-conviction motions. The court held that Petitioner had not met his burden on the newly discovered evidence claim since he could not show that the information was in fact newly discovered because he did not provide a full description of the original investigator's efforts. *Id.* at 1273. For similar reasons, the court held that the trial judge "acted well within his discretion" in denying the claim of ineffective assistance of counsel. *Id.* The Supreme Judicial Court found on the record that trial counsel conducted a pertinent investigation, and, faced with a less than full account of the investigator's work, concluded it could not find that trial counsel's performance was deficient. This petition for a writ of habeas corpus followed, as in turn did a motion to amend the petition presenting additional grounds for relief. The Respondent filed no opposition to the motion to amend.[1]

## II. ANALYSIS

### A. *Legal Standards*

Petitioner bases his present request for relief on a theory of ineffective assistance of counsel. *Strickland* v. *Washington*

---

[1] I will allow the motion to amend, finding as a procedural matter that the issues have been exhausted in the state courts. Moreover, because the issues were fully briefed in the state courts, I rely as a substantive matter, on the state court record in resolving the issues asserted in the unopposed motion to amend.

supplies the relevant legal standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). To establish deficiency, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. For prejudice, he must show a "reasonable probability" that the outcome would have been different absent counsel's deficient performance. *Id.* at 694.

In the habeas context, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) significantly limits the power of federal courts to grant habeas corpus relief from state convictions. Under AEDPA, relief may not be granted unless the state court adjudication either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). Since Petitioner in substance does not challenge state court factual determinations, only the former provision is applicable here.

6

The question before me is thus whether the Supreme Judicial Court's denial, as the last reasoned state court determination of Petitioner's ineffective assistance of counsel claim, was based on an unreasonable application of clearly established federal law and would thus support habeas relief under AEDPA.

**B.   *Ineffective Assistance of Counsel - Deficiencies***

Petitioner's claim of ineffective assistance of counsel initially centered on an alleged "broken promise" made by defense counsel.[2]  *Cf. Ouber* v. *Guarino*, 293 F.3d 19, 27 (1st Cir. 2002).  His motion to amend the petition elaborates on this claim[3] and presents two additional grounds for relief.  In this motion, Petitioner adds the claim that trial counsel's investigation was itself so inadequate as to deprive him of the effective assistance of counsel.  Second, he argues that the state court erred in rejecting this claim on the basis that Petitioner failed to present a full description of the investigator's efforts.

---

[2] Petitioner's motion to amend repeats this claim in substance as "Ground B." The following analysis applies to the claim as presented in both the original petition and the motion to amend.
[3] As noted above, "Ground B" in the motion to amend essentially duplicates the argument in the original petition. It is labeled "Unreasonable Application of Ouber and Butler Regarding the Petitioner's Intoxication." *Ouber* v. Garcia, 293 F.3d 19, 27 (1st Cir. 2002) and *Anderson* v. *Butler*, 858 F.2d 16 (1st Cir. 1988) are both "broken promise" cases from the First Circuit.

1.  <u>Trial Counsel's Opening Statement</u>

In his opening statement, defense counsel twice mentioned that Petitioner was "intoxicated" at the time of the killing. No evidence was presented at trial to establish Petitioner's level of intoxication. Later, counsel requested a jury instruction on voluntary intoxication as it related to Petitioner's capacity to form an intent to kill. The judge declined to give the instruction on the ground that there was a lack of evidence. Petitioner contends that counsel's failure to present evidence of intoxication while simultaneously admitting Petitioner's responsibility for the shooting amounted to "verify[ing] that Petitioner was guilty without mitigating a reason for the guilt."

This argument was considered and rejected by the Supreme Judicial Court. While the SJC's opinion focused primarily on Petitioner's claim of ineffective assistance as a result of insufficient investigation, the court discussed the opening statement theory in a footnote:

> To the extent that the defendant's direct appeal suggests that trial counsel was ineffective for suggesting in his opening statement that voluntary intoxication would be a defense without having the evidence to support such a theory, that argument fails as well. The trial record is silent as to what evidence of intoxication trial counsel had or did not have. In any event, trial counsel may well have thought that even if the evidence did not require any instruction on voluntary intoxication, the trial judge was not precluded from giving such an instruction. Such a

8

strategy, particularly where the case against the defendant was strong, would not have been "manifestly unreasonable."

*Gorham*, 32 N.E.3d at 1271 n.4 (citation omitted).

Because this theory was addressed on the merits by the state court, AEDPA's limitations on the review of state judgments apply. A decision is contrary to federal law "if the state court either applies a legal rule that contradicts an established Supreme Court precedent or reaches a different result on facts materially indistinguishable from those of a controlling Supreme Court precedent." *Ouber*, 293 F.3d at 26. The Supreme Judicial Court did not apply an incorrect legal rule – in fact, the court used a standard more favorable to Petitioner than is required by federal law. *Gorham*, 32 N.E.3d at 1217 ("[B]ecause the defendant was convicted of murder in the first degree, our review is under the statutory standard of G.L. c. 278, § 33E, which is more favorable than the constitutional standard for reviewing claims of ineffective assistance of counsel."); *see also Sleeper* v. *Spencer*, 510 F.3d 32, 39 (1st Cir. 2007) (noting that this standard "is at least as protective of defendants" as the federal constitutional rule). The court asked "whether there was <u>any</u> error in the course of the trial, and, if there was, whether that error <u>likely influenced</u> the jury's conclusion." *Gorham*, 32 N.E.3d at 1216-17 (emphasis added).

9

Thus, any argument that the court applied a legal rule in contradiction of federal law is unavailing.  And because the Supreme Court of the United States has not yet decided a case premised on similar factual grounds, Petitioner cannot point to a factually analogous directing the opposite result.  *See Sleeper*, 510 F.3d at 40 ("The Supreme Court has not identified the circumstances under which an ineffective assistance of counsel claim may be premised on a broken promise in an opening statement.").

Nor was the state court's ruling an unreasonable application of the proper legal standard.  A decision fits within AEDPA's "unreasonable application" provision if the state court identifies the correct governing legal principle but unreasonably applies it to the particular case.  Under *Strickland*, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  Bearing in mind "the wide range of professionally competent assistance" and the disturbing tendencies introduced by evaluation by hindsight, a court facing an ineffectiveness claim must give deference to trial counsel's strategic decisions.  *Id.*  This court's review of the petition is thus "doubly deferential," given the deference due state courts under AEDPA.  *Cullen* v. *Pinholster*, 563 U.S. 170, 190 (2011).

10

Petitioner has not established that it was unreasonable for the state court to reject his claim of ineffective assistance of counsel regarding the intoxication defense. Federal courts, addressing similar claims, have distinguished between a promise to "provide specific testimony from a particular witness" and a mere promise to "present an additional defense." *Sleeper*, 510 F.3d at 41. The former promise, when breached, is problematic because it invites the inference that the specific evidence was omitted after concluding that its introduction would hurt the defense; breach of the latter premise, however, does no harm to the ability to present other defenses effectively. *Id.*

Here, assuming that counsel can be said in fact to have promised to introduce evidence supporting a finding of voluntary intoxication,[4] his failure ultimately to do so did not prejudice the broader defense that Petitioner lacked the intent necessary for first degree murder. In his closing statement, counsel made the argument that Petitioner lacked "murderous intent." He pointed to evidence supporting Petitioner's account that the killing was an accident resulting from a struggle over the

---

[4] This is not entirely obvious from the oblique and conclusory allusions found in the transcript. The first mention of Petitioner's intoxication occurred as an aside during counsel's narration of the account of the events given to the police after Petitioner's arrest: "Now, my client, by the way, was highly intoxicated when this happened." The second was in reference to Petitioner's memory of the events: "That was how he remembered it in the intoxicated state he was in."

11

weapon, including the presence of a fingerprint on the barrel of the gun. And he discussed other evidence indicating a lack of planning before the killing, such as Petitioner's hasty disposal of the weapon, which further bolstered this defense.

More fundamentally, presenting more detailed evidence that would have supported a voluntary intoxication instruction might have undercut the primary defense that the shooting was an accident. Under Massachusetts law, "[a] jury instruction on voluntary intoxication is required only where there is evidence of 'debilitating intoxication' that could support a reasonable doubt as to the defendant's ability to form the requisite criminal intent." *Commonwealth* v. *Lennon*, 977 N.E.2d 33, 36 (2012). Petitioner's case depended on the jury believing he was able to form the intent to scare the victim, which may be viewed as inconsistent with a mental state of "debilitating intoxication." Counsel's choice to focus not on intoxication, but on the evidence supporting an alternative, viable, defense was not so unreasonable as to require a finding of deficient performance.

### 2. Insufficient Investigation

Through his proposed amendment, Petitioner also argues more specifically that defects related to trial counsel's investigation support his claim for relief under *Strickland*. He asserts that his attorney was still attempting to locate

12

witnesses during the course of the trial and failed to request a continuance for additional time to do so.  This claim was addressed and rejected on the merits by the state court. *Gorham*, 32 N.E.3d at 1271-73.  The claim has thus been exhausted.  But AEDPA's substantive limitations apply and relief can be granted only if the state court decision was "contrary to" or "involved an unreasonable application" federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).

As discussed above, the Supreme Judicial Court applied a more favorable standard than is required under federal law to Petitioner's ineffective assistance claim.  Thus, the decision cannot be said to be based on an incorrect general legal principle.

In his motion to amend the petition, Petitioner claims that the Supreme Court's decision in *Kimmelman* v. *Morrison*, 477 U.S. 365 (1986), compels finding the investigation inadequate.  In *Morrison*, the Court held that a defense attorney performed deficiently when he failed to conduct any pretrial discovery, which led to the introduction of evidence allegedly obtained in an unconstitutional search.  *Id.* at 385.  Because he sought no discovery, counsel was unaware that the search even occurred and thus did not file a timely suppression motion.  Crucially, the Court noted that the attorney did not offer a strategic reason for his course of action; rather, his decision to forgo

discovery was based on a mistaken understanding of criminal procedure. *Id.* In this context, the Court repeated *Strickland*'s guidance that "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* (quoting *Strickland*, 466 U.S. at 691).

The petition before me does not present a case with "[s]uch a complete lack of pretrial preparation." *Id.* As the SJC noted, Petitioner's trial counsel hired an investigator, and the investigator was told to inquire into Petitioner's intoxication. *Gorham*, 32 N.E.3d at 1272. The analogy fails for the added reason that it is apparent Petitioner's counsel had reason grounded in strategy for declining to pursue a deeper investigation into Petitioner's intoxication. Counsel could reasonably have decided that pursuing a defense based on the theory that the shooting was accidental was more likely to lead to a favorable result; under *Strickland* such a decision is due considerable deference. Under the circumstances, it was not unreasonable for the state court to conclude that the investigation was not deficient.

### 3. State-Court Adjudication of the Investigation Claim

As part of its adjudication of Petitioner's ineffective assistance claim, the SJC held that because the record did not contain a description of the results of trial counsel's

14

investigation, it could not "assess whether or how trial counsel's use of, or response to, the investigation was such that it amounted to error that was likely to have influenced the jury's conclusion." *Gorham*, 32 N.E.3d at 1272. This followed the trial court's determination that the "absence of a full accounting of the investigator's efforts [was] fatal" to the motion for reconsideration on these grounds. *Id.* at 1271. Petitioner now argues that the denial of this claim without holding a hearing justifies habeas relief.[5]

The SJC rejected this claim. *Id.* at 1272. In light of the deference due state courts on habeas review, the claim must be rejected in this court as well. Petitioner "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms," a rule that extends to claims of inadequate investigation. *Morrison*, 477 U.S. at 381. In rejecting his ineffective assistance claim in part on the

---

[5] I note that Petitioner's motion to amend styles this as a challenge to an "unreasonable determination of facts" by the state court under § 2254(d)(2). Nevertheless, I find it to be "unreasonable application" claim in substance, because Petitioner does not seem to be challenging any particular factual finding made by the state court. Instead, he seems to dispute the state court's holding that he did not adduce enough evidence to establish that the investigation is inadequate. Since the question of whether the investigation was so inadequate as to violate *Strickland* is a mixed question of law and fact, the argument appears to be that the court misapplied *Strickland* to the facts. Consequently, my analysis uses the "unreasonable application" framework.

15

grounds that Petitioner did not provide enough information about the investigation, the state courts merely held that he had failed to meet his burden under *Strickland* through similar state law ineffectiveness standards. Petitioner was provided the opportunity to submit additional evidence in support of his claim – in fact, prior to the motion for reconsideration he submitted an affidavit from the investigator hired by trial counsel. The state courts found this to be insufficient, and this decision was not an unreasonable application of *Strickland's* governing principles.

## C. Ineffective Assistance of Counsel - Prejudice

*Strickland's* prejudice prong provides an independently sufficient ground to support the state court's decision.[6] Assuming counsel did err in any of the ways Petitioner has alleged, Petitioner has nonetheless failed to establish a "reasonable probability" that the result of the proceeding would have been different. As the Supreme Judicial Court noted, "the case against [Petitioner] was strong." *Gorham*, 32 N.E.3d at 1271 n.4. In the video-recorded statement that was shown to the jury, Petitioner admitted to shooting the victim. Moreover, the jury was presented with evidence that there was drinking of

---

[6] I note that on habeas review, the court's "ultimate conclusion" is what must be evaluated, not its reasoning. *Rashad* v. *Walsh*, 300 F.3d 27, 35 (1st Cir. 2002).

16

alcohol at the party; consequently, evidence that Petitioner was intoxicated earlier in the night would not have meaningfully reshaped the jury's understanding of the relevant later events. In sum, Petitioner has not demonstrated a "probability sufficient to undermine confidence in the outcome" such that the result would have differed without the alleged errors by counsel. *Strickland*, 466 U.S. at 694.

### III. CONCLUSION

The touchstone of federal habeas review is that "a state-court decision must be unreasonable, as opposed to merely incorrect," for relief to be afforded. *Ouber*, 293 F.3d at 26. Petitioner has failed to establish that the Supreme Judicial Court's ruling was unreasonable in his case.

For the reasons set forth more fully above, after GRANTING Petitioner's Motion to Amend (Dkt. No. 31), I GRANT Respondent's Motion (Dkt. No. 23) for Judgment on the Pleadings and direct the Clerk to enter judgment dismissing the petition.

*/s/ Douglas P. Woodlock*_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE